# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL 1999 SESSION

FILED

June 16, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | **NO. 03C01-9808-CC-00291** |
| Appellee, | ) | |
| | ) | **BLEDSOE COUNTY** |
| VS. | ) | |
| | ) | **HON. J. CURTIS SMITH,** |
| TRACEY PENDERGRASS, | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Aggravated Child Abuse) |

**FOR THE APPELLANT:**

**L. THOMAS AUSTIN**
**M. KEITH DAVIS**
P.O. Box 666
Dunlap, TN 37327-0666

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**TODD R. KELLEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**JAMES MICHAEL TAYLOR**
District Attorney General

**WILL DUNN**
Assistant District Attorney General
265 Third Ave., Ste. 300
Dayton, TN 37321

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

# O P I N I O N

A Bledsoe County jury convicted the defendant, Tracey Pendergrass, of aggravated child abuse, a Class B felony. The trial court sentenced her to ten years imprisonment. In this appeal as of right, defendant contends that she is entitled to a new trial because the sequestered jury was exposed to improper communications prior to reaching its verdict. Upon our review of the record, we AFFIRM the judgment below.

## I

This is the second time this case has been before this Court on direct appeal. Previously, we considered whether the trial court should have granted a mistrial after four jurors were permitted to make phone calls during the course of the jury's deliberations. *See* State v. Tracey Pendergrass, C.C.A. No. 03C01-9608-CC-00310, Bledsoe County (Tenn. Crim. App. filed Dec. 11, 1997, at Knoxville). We remanded for further findings.

During deliberations several jurors felt they needed to make arrangements to spend the night and made phone calls. Shortly thereafter, a verdict was reached. Upon defendant's motion, the trial court held a hearing after the verdict was returned and heard testimony from the officers who had taken the jurors to make their calls. One of these officers overheard the jurors' conversations and testified, "Everyone said I need you to bring clothes, put 'em in my car, I don't know when I'll be home, bye." Another officer testified that the conversations were very short, and she did not see the jurors arguing with anyone. The court did not hear testimony from any of the jurors.

At the conclusion of the hearing, the trial court overruled defendant's motion, stating, "I do not find that there's been anything improper. I don't find any prejudice to the defendant as far as the activities of the jury." This Court determined that the

2

trial court had used an improper test and remanded the matter for an evidentiary hearing. Specifically, the trial court was directed that if it

> finds that all of the jurors' communications were on subjects foreign or upon subjects not pertaining to the trial and that no impressions were made upon the jurors in reaching the verdict other than the proof heard at trial, and after making this determination that no prejudice occurred to the Defendant, the judgment shall be reinstated. Absent such a finding by the trial court, the trial court shall grant the Defendant a new trial.

Id.

**II**

On remand the trial court heard testimony from each of the twelve jurors. We note that the hearing took place more than three years after the trial. Five jurors testified that they had not made a phone call at the time in question. One juror remembered making a phone call "to let 'em know that I wouldn't be there. . . . That I was going to be delayed maybe another night, I wasn't for sure." The remaining six jurors could not remember whether they had made a phone call, but one of these six testified "[t]here was no communication on [his] part to anyone outside this -- outside the jury room concerning the case." The remaining five emphatically denied that any outside influence had affected their decision. No juror testified that he or she received any prejudicial information.

Following the hearing, the trial court found:

> 1.   All witnesses were credible.
>
> 2.   All the jurors' communications outside the jury room were on subjects not pertaining to the trial.
> 3.   No impressions were made upon the jurors in reaching a verdict other than the proof heard at trial.
>
> 4.   No prejudice occurred to the defendant as a result of any communication between third     parties and jurors outside the jury room.

Based upon these factual findings, the trial court did not grant defendant a new trial.

3

## III

Our standard of review in this matter requires us to afford the trial court's findings "the weight of a jury verdict unless the evidence contained in the record preponderates against his findings." State v. Young, 866 S.W.2d 194, 197 (Tenn. Crim. App. 1992). The evidence in this matter supports the trial court's findings.

Immediately following the phone calls, the court heard testimony from court officers who overheard the jurors' phone conversations. One of the officers testified that the phone calls were simply brief discussions making arrangements to spend the night. Only one juror was able to recall making a phone call, and she testified that it was just to advise her listener that she might be delayed another night. When asked whether her decision in the case had been based upon any conversation, any phone call or any outside influence, she replied, "Absolutely not."

Of the jurors who could not recall whether they had made one of the challenged phone calls, each one testified that no outside information had influenced his or her decision. This testimony combined with the officers' testimony of what they overheard is sufficient to support a reasonable inference by the trial court that the outside communications did not pertain to the trial. There is no evidence that the phone conversations included any improper communications.

The trial judge was in the best position to make this determination. Young, 866 S.W.2d at 196. The trial judge specifically found all witnesses to be credible, and that the jurors received no improper communications. The evidence does not preponderate against these findings.

In short, the state has carried its burden of overcoming the presumption that the verdict was "vicious." See Gonzales v. State, 593 S.W.2d 288, 291 (Tenn. 1980). Accordingly, the judgment below is affirmed.

4

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**JERRY L. SMITH, JUDGE**


_____
**NORMA MCGEE OGLE, JUDGE**